```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Harry William Lott,              :

       Plaintiff,              :        Case No.   2:13-cv-463

   v.                            :

HMP of Wood County, PLLC,        :        JUDGE GREGORY L. FROST

       Defendant.              :        Magistrate Judge Kemp

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, Harry William Lott, submitted a request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and a proposed civil complaint seeking relief against HMP of Wood County, PLLC, a medical group practice from which Mr. Lott received treatment.  Mr. Lott qualifies financially for a waiver of the filing fee, and the motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (#1) is therefore granted.  The issue now before the Court is whether the complaint survives an initial screening pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915(a).  For the following reasons, it will be recommended that the case be dismissed.

I. <u>Factual Background</u>

The facts that Mr. Lott alleged in his complaint may be summarized as follows.  Mr. Lott received medical service from HMP of Wood County, PLLC ("HMP") on January 16, 2012 at Camden Clark Medical Center.  On April 30, 2013, HMP sent Mr. Lott a "Final Notice" post card in the mail, notifying him of his outstanding balance of $280.25 and requesting payment for the medical services he received.  The post card indicated that if payment was not made within ten days of receiving the notice, Mr. Lott's account would be "reviewed for assignment to an external

collection agency for resolution and credit bureau reporting." (Doc. #1, Ex. B).

In his complaint, Mr. Lott alleged that HMP violated 15 U.S.C. §1692b, a provision of the Fair Debt Collection Practices Act ("FDCPA"), by communicating debt collection information by post card. As relief, he seeks damages pursuant to §1692k(2)(a) in the amount of $1,000.00.

## II. Legal Standard

The ability to proceed *in forma pauperis* was established by Congress through 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent. Denton v. Hernandez, 504 U.S. 25, 31 (1992). The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof." 28 U.S.C. §1915(a)(1).

However, 28 U.S.C. §1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that …(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The Court is mindful that *pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d

2

108, 110 (6th Cir. 1991). It is with these standards in mind that the Court conducts its initial screening of the complaint submitted by Mr. Lott.

### III. Discussion

Mr. Lott's complaint alleges a violation of 15 U.S.C. §1692b, which regulates a debt collector's means of acquiring location information for a debtor. The statute provides that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall... not communicate by post card." 15 U.S.C. §1692b(4). In order to obtain relief under the FDCPA, a plaintiff must first demonstrate that the defendant is a "debt collector" as defined in the statute. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003).

The FDCPA defines a debt collector, in pertinent part, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The FDCPA's definition of debt collector does not include a consumer creditor attempting to collect its own debt. See Montgomery, 346 F.3d at 698; see also Bridge v. Ocwen Fed. Bank, 681 F.3d 355, 359 (6th Cir. 2012) ("We note, as other circuits have that as to a specific debt, one cannot be both a creditor and a debt collector as defined in the FDCPA, because those terms are mutually exclusive")(internal quotations omitted). The sole exception to this rule occurs when the creditor attempts to collect its own debt using a name different from its own, which would indicate to the consumer that a third person is attempting

3

to collect for the creditor. See Maquire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998).

In this case, Mr. Lott alleges that HMP violated the FDCPA by mailing a post card to him which notified him of an outstanding balance. It appears from the complaint, however, that HMP provided medical services to Mr. Lott and used the postcard in an effort to collect its own debt. Under these facts, HMP is not a "debt collector" under the FDCPA. Here, the Court is not faced with a situation in which HMP is attempting to collect its own debt using a different name, thereby subjecting it to the FDCPA. Because, according to the complaint, HMP was simply attempting to collect its own debt using its own name, the complaint does not allege HMP is a debt collector under the FDCPA. 15 U.S.C. §1692a(6); see, e.g., Ramos v. Bobell Co., 2003 WL 22725349, at *2 (S.D.N.Y.) (finding that an "in-house collection division" is not considered a debt collector if it attempts to collect the debt in its own name). Consequently, the complaint fails to state a claim under the FDCPA.

## IV. Recommended Disposition

For the reason stated above, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted. If this recommendation is adopted, a copy of the complaint, the Report and Recommendation, and the dismissal order should be mailed to the defendant.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge

of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge